WESTERN DIST

*August,* 1854.

BURROUGHS
*vs.*
NETTLES.

Where a married woman is sued as heir, it is necessary that the husband be cited to assist his wife in defending the suit. So where the wife as heir, was sued together with her husband, and the citation of appeal is directed to her alone, although served on the husband, the appeal will be dismissed for want of legal citation.

---

**BURROUGHS *vs.* NETTLES.**

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING

In a suit between the transferee and the maker of a promissory note, where the answer alleges fraud and collusion, between the payee and transferor of the note and the plaintiff, parole evidence of the acts of the former is clearly admissible against the latter, if the collusion is established.

And where the jury are to pass at once on both the *plea* of collusion and the acts of the transferor, charged with colluding with the plaintiff, the evidence relating to these two points, must be administered simultaneously.

On the score of irrelevancy, the objection to testimony is seldom of any avail in the Supreme Court.

The promise of the vendor of a slave, to rescind the sale on account of redhibitory defects, is admissible in evidence, in a suit between the transferee of a note and the maker, for the price of the slave, to show the existence of the redhibitory defects.

Where the day of payment of a note is past, at the time of its transfer, it is a sufficient warning to whoever receives it, that the maker may have some just reason to withhold payment, as he has a right to any equitable defence after the transfer, which he might have successfully urged before.

A note payable on demand, may be sued upon immediately, or pleaded in compensation.

A verdict found on the plea of fraud and collusion, is entitled to particular attention, because they are the objects for the cognizance of the jury.

This is an action on a promissory note, of the following tenor : "$675. On demand, I promise to pay A. C. M'Daniel or bearer, the sum of six hundred and seventy-five dollars, for value received, this 22d day of April, 1833.

"James Nettles."

" I transfer the within note to Henry Burroughs, for value received, this 1st day of June, 1833.

"A. C. M'Daniel."

The plaintiff alleges, he has made an amicable demand, upon the maker of the note, of payment, which has not been complied with ; he, therefore, prays judgment for the amount thereof, and interest from judicial demand.

The defendant pleaded a general denial, and that said note was never *bonâ fide* transferred to the plaintiff; that he gave no valuable consideration therefor ; that it was not transferred at the time it purports; and that it was never in the possession of the plaintiff, who is neither the legal or equitable holder thereof; that said transfer was simulated and fraudulent, and made with the intent to cheat and defraud this defendant, and deprive him of his equitable

defence against said note, in the hands of the payee; that said note was fraudulently obtained from him without any valuable consideration; that said M'Daniel agreed to sell him a negro man, by the name of Hector, for the amount of the note, but failed to make any title and had none himself, the negro being the separate property of his wife. He further states, that in pursuance of an agreement to cancel the sale, he returned the slave to M'Daniel, who appointed a time to meet him and deliver up the note, and failed; that said slave was discovered to be afflicted with a redhibitory disease, of which he has since died, &c.; that the plaintiff participated in the fraud practised in this case, and was cognizant of all the facts at the time of this pretended transfer.

The defendant avers, that he has been put to much trouble and expense by the proceedings against him, and sustained damages to the amount of eight hundred dollars; wherefore he prays judgment that his note be given up or cancelled, and for damages and costs.

The plaintiff introduced in evidence the deposition of Sarah Wisdom, taken under a commission, before a justice of the peace. She declares, the note of Nettles was given in part payment of the price of several slaves, sold by Elizabeth Burroughs to Jane M'Daniel, the former the wife of the plaintiff and the latter the wife of the transferor of the note. Witness saw M'Daniel endorse the note to plaintiff, at or about the time it bears date; that plaintiff sent the note to Nettles for payment by M'Daniel; heard M'Daniel tell plaintiff it was not paid, and the latter told him to put the note in suit for collection. Witness knows the note was given by Nettles to M'Daniel for a negro man, named Hector, whom she knew to be healthy and sound at the time.

Dr. Skipwith was called by defendant, about the 6th September, 1833, to see Hector, who was sick. "Defendant said, the negro had been sent back to him by M'Daniel, and he was determined not to keep him."

The defendant's counsel objected to the reading of Sarah Wisdom's deposition, on the ground that some of it was hear-

WESTERN DIST. say, and that it was not the best evidence the case admitted
*August, 1834.* of. The court admitted it, and a bill of exceptions was taken.

BURROUGHS     The cause, on these pleadings, and the evidence adduced
*vs.*        by the parties, was submitted to a jury, who found a verdict
NETTLES.     for the defendant. From the judgment rendered thereon, after an unsuccessful motion for a new trial, the plaintiff appealed.

*Lawson,* for the plaintiff.

1. The evidence shows, the note in suit was executed the 22d April, 1833, in favor of M'Daniel, *or bearer,* who on the 1st June of the same year, transferred it to the plaintiff, in part payment of the price of some negroes, purchased by *his wife* from the plaintiff's wife.

2. This court must either reject the testimony excepted to, and remand the cause for a new trial, or reverse the judgment and give one for the plaintiff.

3. The court erred in permitting improper and illegal testimony to go to the jury.

4. The court suffered matters and things between other parties to be given in evidence against the plaintiff in this suit, and permitted the witnesses to detail to the jury hearsay evidence, and testimony irrelevant to the issue.

5. The court erroneously permitted the defendant to give parole proof of a verbal agreement made by defendant and M'Daniel, to rescind the sale of the slave and cancel the note, two months after it was transferred to the plaintiff. 4 *La. Reports.* 64, 20, 166.

6. The judgment ought to be reversed; the execution and assignment of the note for a valuable consideration, is admitted and proved. The defendant has failed to show the slave was afflicted with a redhibitory disease, and he has failed to show fraud and simulation.

7. Without fixing a knowledge of fraud on the plaintiff, it could not be legally urged in bar or avoidance of his rights, though established against the transferor of the note, which is not done in this case. *Chitty on Bills,* edit. 1830, *p.* 70, 67, *note* 1 *and* 9—400–1.

*Andrews, contra.*

WESTERN DIST.
*August*, 1834.

BURROUGHS,
*vs.*
NETTLES.

*Martin, J.*, delivered the opinion of the court.

This is an action instituted by the holder and *transferee* of a promissory note, payable to bearer, against the defendant, as the drawer and maker thereof. The latter pleaded a general denial; and fraud and collusion between the payee and *transferor* of the note, and the plaintiff; and also the failure of the consideration for which the note was given, it being originally given for the price of a slave, who was attacked with a redhibitory disease. He likewise prayed for a rescission of the sale. There was a verdict, and judgment rendered thereon for the defendant; from which, after an unsuccessful effort to obtain a new trial, the plaintiff appealed.

The record of the case shows, that the note was given on the 22d of April, 1833, and made payable to A. C. M'Daniel *or bearer*, who on the 1st day of June following, transferred it by a written transfer to the plaintiff, in part payment of several slaves, purchased by the wife of M'Daniel, from the wife of the plaintiff. The transfer was made by the delivery of the note, accompanied by a written assignment on the back of it. It is shown that the slave was attacked with a redhibitory disease, and shortly after returned to the vendor, who refused to receive him. He soon after died, in the possession of the defendant.

Our attention is first drawn to a bill of exceptions, taken by the plaintiff and appellant's counsel, to the admission in evidence of the testimony of W. Waddle, S. Nettles, W. Nettles and John Nettles, which testimony was taken down by the clerk, on the ground that what they related, was *res inter alios acta*. 2. That the testimony is irrelevant, or founded upon hearsay. *Lastly*, it is opposed on the ground of an attempt made to give parole evidence of the cancelling or rescinding the sale of a slave. The court overruled the objections, on the ground of the plea of fraud and collusion.

The answer, alleging collusion between the plaintiff and the payee, who transferred the note, clearly authorises evidence of the acts of the latter to be given against the former,

*In a suit between the transferee and the maker of a promissory note, where the answer alleges fraud and collusion between the payee and transferror of the note and the plaintiff, parole evidence of the acts of the former is clearly admissible against the latter, if the collusion is established.*

And where the jury are to pass at once on both the *plea* of collusion and the acts of the transferor, charged with colluding with the plaintiff, the evidence relating to these two points must be administered simultaneously.

On the score of irrelevancy, the objection to testimony is seldom of any avail in the Supreme Court.

The promise of the vendor of a slave to rescind the sale on account of redhibitory defects, is admissible in evidence, in a suit between the transferee of a note and the maker, for the price of the slave, to show the existence of the redhibitory defects.

Where the day of payment of a note is past at the time of its transfer, it is a sufficient warning to whoever receives it, that the maker may have some just reason to withhold payment, as he has a right to any equitable defence after the transfer which he might have successfully urged before.

if the collusion was established. And as the jury was to pass at once, both upon the plea of collusion and the acts of the transferor of the note, evidence relating to these two points, was to be administered simultaneously. On the score of irrelevancy, the objection to testimony is seldom of any avail in this court. Irrelevant testimony is easily rejected, and has no other effect than to cause a loss of time. It often happens that, in order to illustrate the fact to which he deposes, a witness is necessarily led into the detail of circumstances, and the information which he has received in relation to it. In such a case, if the party against whom the witness is introduced, apprehends danger, he may warn the jury of the obligation they are under to disregard hearsay testimony, and if necessary, call on the court to instruct the jury accordingly.

The promise of the vendor of the slave, for which the note was given, to rescind the sale and return the defendant's note, if not admissible to support a demand for the rescission of the sale thereon, may be received to establish the admission of the vendor of the existence of a redhibitory vice. It does not appear to us, that the District Court erred in admitting the evidence.

On the merits : if the note was still in the possession of the vendor and payee, there cannot be the least doubt but that the evidence adduced would discharge the defendant from the obligation of payment. His counsel has concluded that the same consequence follows in the present case :

1. Because the note, having become the property of the plaintiff after the day of payment was passed, he holds it subject to every equitable plea or defence that might be opposed to his transferor.

2. Because the evidence shows, that the plaintiff colludes with his transferor to deprive the defendant of the means of a defence, which would be destroyed by a fair transfer of the note to a party without notice.

I. The circumstance of the day of payment of the note being past, at the time of transfer, is a sufficient warning to whoever received it, that the maker may have some just reason to withhold payment, since it is held he has a right to

any equitable defence after the transfer, which he might have successfully urged before. A note payable *on demand*, may be sued upon immediately by the legal holder; or may be pleaded in compensation: yet, in the usual course of affairs, it is not expected to count on instant payment. Hence, if it be offered to be transferred shortly after its date, the circumstance of its having been the object of an instant call for payment, does not necessarily present the same degree of suspicion, if any, as in the case of a note payable on a given day, which is already past.

WESTERN DIST.
*August*, 1834.

BURROUGHS
*vs.*
NETTLES.

A note payable on demand may be sued upon immediately, or pleaded in compensation.

We, however, refrain from expressing any opinion on the first point, because that which we have formed on the second, renders it unnecessary.

II. The jury have passed upon the plea of fraud and collusion, and found in favor of the defendant. A verdict on these pleas is entitled to the particular attention of this court, because they are the peculiar objects of the cognizance of a jury. They often require the weighing and comparing of a number of circumstances apparently of a trivial nature, which, separately viewed, appear very unimportant; but which circumstances, when brought together and compared with each other, acquire weight which destroys the equilibrium that kept determination in suspense. A knowledge of all the circumstances, their nature and the standing and character of the witnesses and parties, is often of incalculable utility.

A verdict found on the plea of fraud and collusion is entitled to particular attention, because they are the objects for the cognizance of the jury.

Collusion in this case, is charged on persons nearly connected by affinity; who lived in the same neighborhood, and who appear both to have had an intimate knowledge of the details of the transaction, in which the note originated. The transferee or plaintiff, is stated to have employed the *transferor* as his agent in the prosecution of this suit, and the latter after the transfer, appears to have considered himself as still the owner of the note, and he appears to have retained the possession of it. He declared his intention after the transfer, to claim interest at the rate of ten per cent. The counsel for the defendant states, that the transferee prosecutes the present suit, by the agency of the transferor. In support of this charge they

show that the latter sent a young woman, who resides in his house, to an adjoining parish, to be examined as a witness, with a view of dispensing with her examination in court. Under all the circumstances of the case, we are unable to say the jury came to a wrong conclusion in forming their verdict.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both courts.