EASTERN DIST.
*May*, 1836.

MARIE LOUISE,
f. w. c.
*vs.*
MAROT ET AL.

---

MARIE LOUISE, f. w. c. *vs.* MAROT ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The fact of a slave being taken to the kingdom of France, or other country, by the owner, where slavery or involuntary servitude is not tolerated, operates on the condition of the slave, and produces immediate emancipation.

EASTERN DIST.
*May*, 1836.

MARIE LOUISE,
f. w. c.
*vs.*
MAROT ET AL.

When a slave once becomes free by the operation of the laws and customs of another country or state, to which he is taken by his owner, it is not in the power of the latter, ever to reduce him again to slavery.

This is a suit for freedom. The cause was before this court at June term, 1835. 8 *Louisiana Reports,* 475.

On the return of the cause to the District Court, the plaintiff filed a supplemental petition, in which she alleges, that her daughter Josephine, whose emancipation and freedom she claims, was taken to France by the defendants, a country in which slavery is not tolerated, and that she thereby became free ; that the defendants, since their return to this state, have maliciously imprisoned her said daughter, for which she claims five hundred dollars in damages. She prays that her daughter Josephine be declared free, and that she have judgment for damages, as alleged.

The defendants pleaded a general denial, and further averred that if even the facts were true as alleged, the plaintiff's daughter, Josephine, was not entitled to her freedom.

Upon these pleadings and issues the cause was submitted, to a jury, under the evidence that no slavery was tolerated in France, and that the mulattress, Josephine, was taken there as alleged. The district judge charged the jury as follows, which was excepted to by the defendants' counsel :

" That if the plaintiff's daughter, Josephine, was taken by the person claiming her services as a slave to a foreign country, where slavery does not exist, and is not tolerated, and by the laws of which such slave would be entitled to her liberty, for the purpose of residence, even temporarily, that is, for any other purpose than a mere passage through such country, and perhaps even then, the person so taken to such country would become free, and that freedom once impressed upon an individual was indelible ; and the *status,* or condition in society of such party, could not be changed, unless it was shown that such person was condemned as the slave of punishment, or in some other way legally condemned to slavery.

" It is for the jury to decide the fact, whether the plaintiff's daughter, Josephine, was taken to France on a mere passage

through the country, or for the purpose of temporary residence. That in the opinion of the court, it makes no difference, that the donee or owner of the slave, as the defendant, was a minor at the time of the voyage to France, and could give no legal consent; because the condition of freedom was *de facto* impressed on the person held to service, so carried to a foreign country, without having ran away or escaped; and if damages accrued to the minor, by the loss of service of the person so held to service, the minor must look to her guardian or tutor for reparation in damages; but the right to personal freedom by such residence, in such foreign country, was acquired by, and stamped upon the person so previously held to such service, and such a person is entitled to freedom."

The jury returned a verdict, " that Josephine is entitled to her freedom, but not entitled to damages." From judgment confirming this verdict, the defendants appealed.

*Canon*, for the plaintiff.

*J. Seghers*, for the defendants, contended, that slaves attending their masters in travelling or sojourning in the kingdom of France, are not thereby emancipated. They do not become free, unless their owners remove with them to that country, with the intention of residing there. 2 *Martin*, *N. S.*, 401. 2 *Marshall's Reports*, 476, *et seq.*

*Mathews, J.*, delivered the opinion of the court.

This case involves a question of freedom, in relation to the condition of a mulattress, who is held to slavery by the defendants, as a *statu liberi*. The cause was before the court in June term of 1835, and was remanded for a new trial. Before the last trial in the court below, the plaintiff filed a supplemental petition, by which the mother and actual guardian of her daughter claimed freedom for her, in consequence of her having been taken by her owners to the kingdom of France, &c.

EASTERN DIST.
*May*, 1836.

MARIE LOUISE,
f. w. c.
*vs.*
MAROT ET AL.

The fact of a slave being taken to the kingdom of France or other country, by the owner, where slavery or involuntary servitude is not tolerated, operates on the condition

EASTERN DIST.
May, 1836.

CONSOLIDATED
BANK
vs.
FOUCHER ET AL.

of the slave, and produces immediate emancipation.

When a slave once becomes free by the operation of the laws and customs of another country or state, to which he is taken by his owner, it is not in the power of the latter, ever to reduce him again to slavery.

The main question in the cause, as it now stands before the court, is whether the fact of her having been taken to that kingdom by her owners, where slavery or involuntary servitude is not tolerated, operated on the condition of the slave, so as to produce an immediate emancipation. That such is the benign and liberal effect of the laws and customs of that state, is proven by two witnesses of unimpeached credibility. This fact was submitted to the consideration of the last jury, who tried the cause under a charge of the judge, which we consider to be correct, and was found in favor of the party whose liberty is claimed. Being free for one moment in France, it was not in the power of her former owner to reduce her again to slavery.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.