CUNY *vs.* ROBERT ET AL.

CUNY
*vs.*
ROBERT ET AL.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE
PARISH OF RAPIDES, THE JUDGE THEREOF PRESIDING.

All the parties in a suit, who have an interest to maintain the judgment, must be made parties and cited in the appeal, or it will be dismissed ; so warrantors must be cited, even when there is judgment for the defendant.

Where a decision on a point of practice is known and made public, no delay will be allowed the party to avail himself of it, at the trial of the appeal.

This is an action for the recovery of a female slave and her child, which the plaintiff alleges he purchased from G. C. Russell, by private act of sale dated the 3d June, 1832, for the sum of seven hundred dollars, and which are in the possession of the defendant, Robert.

The defendant pleaded a general denial, and averred that he purchased the slave from Isaac Franklin, in New-Orleans, whom he calls in warranty ; and who avers he purchased from Wm. Nichols, of Nashville, Tennessee, who bought from F. W. Armstrong, of Tennessee, who avers that G. C. Russell, put the slave in question, and others, into his (Armstrong's) hands, to sell for certain purposes, and in pursuance of this mandate he sold the slaves now claimed, to Wm. Nichols, of Nashville.

On these pleadings and issues the cause was tried.

The private act of sale from Russell to plaintiff, is acknowledged by the maker, and purports to sell the slave Lavinia and her child, for the sum of seven hundred dollars, payable in twelve months, for which the plaintiff executed his note.

The defendants' evidence showed, that Colonel Russell put this same slave into the hands of Major F. W. Armstrong, of Tennessee, to be sold on his account, and she was sold accordingly.

Upon the whole evidence of the case, the jury returned a verdict for the defendant, and from judgment rendered thereon, the plaintiff appealed.

Judgment being for the defendant alone, without the war-

rantors being mentioned therein, or it being for or against them, the appeal was taken as against the defendant alone. The warrantors were not made parties or cited in the appeal.

*Winn,* for the defendant and appellee, moved to dismiss the appeal, because the warrantors were not made parties and cited.

*Dunbar, contra,* insisted, that as judgment was only rendered against the defendant, the warrantors had no interest; and it was unnecessary to make them parties. If judgment was affirmed there would be an end of the case; and if it was reversed and the case remanded, a new trial would be had, in which the warrantors would have the right to be heard.

2. If it be necessary to bring in the warrantors, the court will allow time, as was done in the case of *Guerin et al.* vs. *Bagneris.* 9 *Louisiana Reports,* 471.

*Martin, J.,* delivered the opinion of the court.

This is an action to recover two slaves, in which the defendant called in his vendor in warranty, who in return called in his, &c. Judgment having been given against the plaintiff, he appealed.

The defendant, who is the only appellee, has moved to dismiss the appeal, on the ground that his warrantor was not made a party to it, and that if the judgment was reversed he would be deprived of the faculty which the law gives to a party evicted, of obtaining in the judgment of eviction, relief against his warrantor.

We have already said that a party who asks relief at our hands ought to cite before us all the parties to the judgment which he seeks to have reversed or amended, and which they have an interest to maintain. *Guerin et al.* vs. *Bagneris,* 9 *Louisiana Reports,* 471.

In that case, which was decided at May term, 1836, we refused the dismissal, but gave time to cite in the warrantors, because the question was new, and the members of the bar

All the parties in a suit, who have an interest to maintain the judgment, must be made parties, and cited in the appeal, or it will be dismissed: so, warrantors must be cited, even when there is judgment for the defendant. When a decision on a point of practice is known and made public, no delay will be allowed the party to avail himself of it, at trial of the appeal.

WESTERN DIST. entertained much difference in opinion on that question.     As
Oct. 1838.     that decision has long ago been published and is well known,
                we do not think ourselves authorized to grant the same
GORTON          indulgence.
vs.
GORTON'S EX'R.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed with costs.