Martin, J.
The plaintiffs having taken an order of seizure and sale against certain property mortgaged to them, became the purchasers of it from the Sheriff; and, by a monition, sought and obtained the homologation of the sale.
Zeringue, the curator of the estate of the wife of Lombard, the mortgagor, is appellant from the judgment, and the plaintiffs and appellees have prayed for the dismissal of the appeal.
The appellant has contended, that the mortgagor’s wife having died and left children before the executory process was sued out, these heirs should have been made parties by the petition for the order of seizure and sale.
The appellees’ counsel has replied, that there is no evidence of the alleged facts ; that if they were proven, the appeal could not be sustained ; that the appellant’s counsel assumes, that the property mortgaged was community property, and that it is now settled that in order to set up such a claim by the heirs of the wife, a settlement of the community must be shown. Adams v. His Creditors, 14 La. 458. Wilcox v. His Creditors, 2 Rob. 30, and Fortier v. Slidell et al., just decided, ante, p. 398. That moreover, the act of mortgage, which, is in evidence, contains the clause de non alienando. If, therefore, Lombard had parted with the property by private sale, the proceedings might yet have been instituted against him, without making his vendee a party; and that a transfer of a contingent part interest could not affect the rights of the creditors any more than a complete and recorded sale, or impose upon them the obligation of citing Lombard’s heirs, or of going with their claim into the Probate Court; and that if the appellant, or those he represents, had possessed any right to this property, they would be bound by the homologation of the monition.
It is perfectly useless for us to notice the argument, by which *450 the appellant’s right to appeal is supported, because all the facts on which his arguments rest are gratuitously assumed, and no steps have been taken to establish any of those facts.
The appeal must, therefore, be dismissed.