SAMUEL SIMMONS *v.* HIS CREDITORS—On the Opposition of FLINT & JONES.

Where an appeal is taken by one of the opposing creditors from a judgment homologating the tableau of distribution, it is not sufficient to give an appeal bond in favor of the syndic. The creditors on the tableau interested in maintaining the judgment, must be made parties to the appeal, or it will be dismissed, on the motion of any of them.

The motion to dismiss on such a ground, is not too late after the expiration of three days from the filing of the record, as the court will, *ex officio*, notice the want of parties for a final decree.

APPEAL from the Third District Court of New Orleans, *Duvigneaud*, J. *Race & Foster*, for appellants. *Heistand & Levy*, for appellees.

VOORHIES, J. *William Florence*, classed on the tableau of distribution as a privileged creditor of the insolvent, claims the dismissal of the appeal, on the ground that no bond has been given either in his favor or that of the creditors and appellees. The appellants' bond is in favor of the syndic alone.

We think this case falls within the rule announced in the case of *Armstrong* v. *His Creditors*, 8 An. 368. See the authorities there quoted.

But it has been urged by the appellant's counsel, that the motion for the dismissal was too late, on the authority of the case of *Creevy* v. *Breedlove*, 12 An. The decision in that case was based on the rule announced in the case of *John Temple* v. *Marshall & James*, 11 An. 613, (see authorities there quoted,) to the effect that the appeal would not be dismissed for irregularities in the transcript, such as the want of an order of appeal, &c., unless such motion were made within three days after the record was filed. But in the present case, the motion rests on entirely different grounds, namely, that *William Florence*, who has an interest in maintaining the judgment, has not been made a party to the appeal. In the case of *Widow Robert, Executrix*, v. *Ride & Mairot*, 11 An. 409, we said: "It is needless to inquire whether the motion to dismiss in this case should have been filed within three days after the transcript was brought up from the inferior court, inasmuch as the practice of this court has been to notice, *ex officio*, and without any motion to dismiss having been made, the want of proper parties for a final decree." See cases there quoted.

Appeal dismissed.