## C CUMMINGS AND HUSBAND *v.* J. H. ERWIN.

An appeal will be dismissed when all the parties interested in maintaining the judgment appealed from are not made parties.

APPEAL from the Sixth District Court of the Parish of Iberville, *Beale, J.* *S. Mathews*, for plaintiffs and appellants. *D. N. Barrow*, for defendant.

BUCHANAN, J. The defendant, sued as a third possessor of property subject to the general mortgage of a minor, called in warranty his vendor, who appeared

pleaded to the action, and called in the heirs of the party under whom he had acquired the title of the property sought to be subjected to plaintiff's mortgage. One of those heirs is the plaintiff herself, who was already in court, and there are two others, her half sisters, minors, represented by their tutors.

These parties also appeared and pleaded to the call in warranty.

There was judgment for defendant, and plaintiff appealed by motion. The appeal bond is made in favor of defendant alone, without any mention of the first or second warrantors.

· Defendant and appellee moves to dismiss the appeal for want of proper parties, and his motion must prevail.

The principle is too well settled to require a citation of authorities, that all parties to the record, interested in maintaining the judgment appealed from, must be made parties to the appeal from such judgment.

The counsel of appellant urges, in answer to the motion, that his client only having given bond for costs, there is nobody but the Clerk of the District Court interested in the bond; and if he be satisfied with it, the defendant or his warrantors have no cause of complaint. We are unable to admit the correctness of this position. It might even be said, that it proves too much; because the fair inference would be, that in appeals by plaintiff, (who, in the absence of a reconventional demand, is never bound for any thing but the costs,) the bond of appeal should be in favor of the Clerk of the court, and not of the opposite party in the suit, which would be plainly contrary to Articles 575 and 578 of the Code of Practice.

Rule absolute, and appeal dismissed with costs.

VOORHIES, J., absent.