MARGARET CHRISTENSEN, wife of, &c., *v.* MICHAEL STUMPF.

In order to constitute a married woman a public merchant, within the meaning of Art. 128 C. C., it is not merely necessary to show that her name has been used in conducting the business of a particular trade, but it must also appear that she has had some active agency in the business which is thus conducted in her name.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.

*J. M. Dirrhammer,* for plaintiff. *A. Phillips,* for defendant and appellant.

MERRICK, C. J. The defendant, holding a note and mortgage against the plaintiff, a married woman, obtained an order of seizure and sale upon the same. She injoined, on the ground that the money did not inure to the benefit of her separate estate.

Judgment was rendered in her favor, and *Stumpf* appeals. He contends in this court that the money was employed in a commercial partnership between herself and one *Shifferstein.*

The Notary shows, that when she gave the mortgage upon her property, it was for the purpose, as she said, of paying off some pressing mortgages and debts.

The proof shows that it was employed in a business in which her husband, *Christensen,* and *Shifferstein* were engaged, and which was in fact conducted exclusively by them; and that she was not at the place of business more than twice during the existence of the partnership. One witness, however, says she agreed to the partnership. It further shows, that the bank account was kept by them in her name, and many, if not all of the transactions, were also conducted by *Christensen* or *Shifferstein* in her name also.

The proof is very far from showing that the money borrowed inured to the benefit of the separate estate of the wife.

The only question, then, is : do the facts show that she was a public merchant, carrying on a separate trade, in the sense of Art. 128 of the Civil Code?

The question must be answered in the negative. It is evident that her name was used merely for the benefit and protection of *Christensen* and *Shifferstein,* who, it appears, were insolvent.

She had no participation in the "Western Produce business" (the subject of the partnership) which previously had been conducted by *Shifferstein,* the lessee of the store in the same place, further than the passive use of her name, and the carrying on a separate trade mentioned in the Article seems at least to imply some active agency of the married woman in the business which is conducted in her name. See also C. C. 1779.

Judgment affirmed.