No. 2366.—STATE OF LOUISIANA ex rel. JAMES P. SULLIVAN et als., v. WILLIAM S. MOUNT et als: N. C. KENDALL, appellant.

In a controversy for office under the intrusion act, a third party, not holding or claiming the office in dispute, cannot appeal from the judgment of the court a qua.

APPEAL from the Fifth District Court for the parish of Orleans. *Leaumont*, J. *Billings & Hughes* and *C. S. Rice*, for appellant. *H. D. Ogden* and *A. & M. Voorhies*, for appellees.

WYLY, J. The Attorney General, on the information of James P.

State of Louisiana ex rel. James P. Sullivan et als., v. William S. Mount et als. N. K. Kendall, appellant.

Sullivan and others claiming to be members of the "Board of School Directors for the city of New Orleans," under act of tenth March, 1869, instituted this proceeding against the defendants under act No. 156 of the acts of 1868, commonly known as the "intrusion act," alleging that the defendants have intruded into or unlawfully hold and exercise the office of "Board of Directors of the Public Schools of the city of New Orleans," which said office it is averred belongs to said informers, James P. Sullivan and others, together with all the books, papers and other property pertaining thereto. The court *a qua* gave judgment for the defendants, from which plaintiff took no appeal. N. C. Kendall, however, claiming to be the secretary of the "Board of School Directors of the city of New Orleans," organized under the act of tenth March, 1869, took a devolutive appeal, alleging that his salary is $1800 per annum, "and that he has an interest of more than five hundred dollars pending on the result of this suit."

The case is now presented on a motion to dismiss the appeal on various grounds; the most important ones seem to be, viz:

*First*—The want of jurisdiction, the matter in dispute not exceeding five hundred dollars, and appellant's interest in the matter in dispute not exceeding five hundred dollars.

*Second*—That as the proceeding is by the State under the "intrusion act," no appeal can be taken by N. C. Kendall, a third person.

It is quite evident that the motion to dismiss is well taken.

What is the matter in dispute?

It is the office of School Directors, and books and papers and other property pertaining thereto.

To these the appellant sets up no claim whatever.

His office, secretary of the board, is not in dispute.

From his own statements we cannot perceive that he has any interest whatever in the matter.

It is therefore ordered that this appeal be dismissed at appellant's costs.