No. 2640.—Robert D. Jones *v.* Dempsey P. Jackson.

*An overseer who has made a contract with the proprietor to manage his plantation for the term of one year, at a fixed price, on being discharged without any good and sufficient cause, before the expiration of the time, can recover the amount of the contract for the whole year.*

*The custom of the neighborhood will not protect the planter against the legal consequences of the violation of his contract with the overseer.*

APPEAL from Thirteenth District Court, parish of Tensas. *Hough, J. Aroni & Collier,* for plaintiff and appellee. *Farrar & Reeves,* for defendant and appellant.

Wyly, J. Plaintiff alleges that on the tenth January, 1867, he was employed by the defendant to oversee his plantation in the parish of Tensas, for the term of one year, at a salary of fifteen hundred dollars; that he entered into the employment of the defendant, taking full control and management of his plantation and performing faithfully the duties of an overseer; that on or about twenty-ninth January, 1867, he was peremptorily discharged from said service by the defendant, without any serious grounds of complaint, whereby the latter became indebted to him the full amount of his salary as aforesaid.

The defendant pleaded the general issue and averred that the plaintiff was discharged from his service for good and sufficient cause.

Jones v. Jackson.

The plaintiff recovered judgment for the amount claimed, and the defendant has appealed.

The evidence in the record fully establishes the allegations of the plaintiff, and the judgment is supported by the law. C. C. 2720; 15 L. 361; 1 R. 319; 12 An. 697.

There is no doubt that the plaintiff was employed for the year at a fixed salary and that he was discharged by the defendant, who has failed to show any serious ground of complaint.

The custom of his neighborhood will not protect the defendant from the legal consequences of violating his contract with the plaintiff.

It is therefore ordered that the judgment of the court a qua be affirmed, with costs.