No. 3120.—VERNON K. STEVENSON *v.* MRS. LAVINIA EDWARDS et al.

In matters of appeal the law does not authorize the appointment of a curator *ad hoc* upon whom citation of appeal may be served. In such a case, if the appellee is not present service of appeal may be made upon the advocate or attorney of record, but it cannot be made legally upon a curator *ad hoc* appointed for that purpose.

APPEAL from the Fifth Judicial District Court, parish of Iberville. *Posey, J. Race, Foster & E. T. Merrick,* for plaintiff and appellant *Lea, Finney & Miller,* for appellees.

HOWE, J. The judgment in this case was rendered in September, 1866. On the eleventh April, 1870, Mrs. M. D. Edwards, joined by her husband, James Wilson, prayed for and obtained the appeal now before us on the ground that she was a minor when the judgment was rendered, and had been emancipated by marriage on the fifteenth April, 1869, that is, within a year prior to her application. She specially prayed that the plaintiff, Stevenson, a resident of New York,

be made a party appellee, and that an "attorney ad hoc" be appointed to represent him, and to receive citation, and the judge appointed G. W. Wailes, Esq., "curator ad hoc" for this purpose.

A motion having been made to dismiss the appeal—it must be dismissed for this grave irregularity (21 An. 465, 157)—unless the fault should be deemed not attributable to appellants. We must think the appellants in fault, since, instead of asking for citation to be served on the advocates of plaintiff, or leaving such service to be made as matter of course, they specially prayed for the appointment of a representative not recognized by law. Another objection to permitting citation to be now issued and served on the proper parties, is, that about three years have elapsed since the emancipation of the minor.

Appeal dismissed.