### No. 1133.

### GABRIEL A. FOURNET ET AL. VS. JACOB VAN WICKLE.

#### ON THE MOTION TO DISMISS.

An Appeal taken by Motion in open court, being defective because the amount of the bond was not fixed by the judge, cannot be subsequently perfected by an order fixing such amount, rendered at chambers on the Petition of Appellant.

APPEAL from the Twenty-first Judicial District Court, parish of St. Martin. *Fontelieu*, J.

*Jos. A. Breaux* for Plaintiffs and Appellees.

*H. N. Ogden* and *A. B. Phillips* for Defendants and Appellants.

#### MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. This appeal is taken from a judgment annulling a tax-sale.

Plaintiff and appellee, Mrs. M. Bienvenu, moves for the dismissal of the same on the ground that no citation of appeal was served upon her.

The record shows the following facts and proceedings bearing on this motion. On motion of appellant's counsel, in open court, on November 30th, 1880, the following order was made:

" In this case, on motion for defendant, a suspensive and devolutive appeal, returnable at the next term of the Supreme Court at Opelousas, is granted; bond for devolutive appeal fixed at $200." On the 11th of December following, the defendant presented to the judge, at chambers, a petition for a suspensive appeal, which was granted by the judge, who fixed the amount of the suspensive appeal bond at two hundred dollars.

In that petition appellant did not pray for citation of appeal on the appellees, and none was served.

In his oral argument before this Court, his counsel argued that the order for his suspensive appeal having been granted in open court, no citation of appeal was necessary; and that the object of his petition at chambers, was to supply the deficiency of the order granted in open

Fournet et al. vs. Van Wickle.

court, in which no amount was fixed for the suspensive appeal bond, the appeal being from a judgment which was not a moneyed judgment; and that his petition must be construed in connection with, and by reference to, the order made in open court.

It is clear that a deficient order rendered in open court cannot be modified, extended, or perfected by any proceeding at chambers, not more than an order or decree rendered in open court could be rescinded or annulled *ex parte* by the judge at chambers. It, therefore, follows that the order in open court, and the order predicated on defendant's petition for an appeal at chambers, must be interpreted as two separate and distinct proceedings; the effect of each must be tested on their respective merits, and each must stand on its relative and intrinsic strength, or fall on its relative and intrinsic weakness. The two cannot be joined or combined for the purpose of making together a perfect and undivided unity. Appellee must elect on which of the two orders he rests his appeal. If he elects to abide by the order made in open court, so as to escape the fatal omission of a citation of appeal, he comes under an order granting him a suspensive appeal from a judgment other than a moneyed judgment, without fixing the amount of the bond, without which he could not perfect his appeal. 6 N. S. 316; 12 R. 187. If he relies on his petition, presented and acted upon at chambers, which is seemingly his intention, by the fact that his appeal bond refers to and is predicated upon the orders thus granted, he is met by the omission of a citation of appeal, for which he did not pray, and for which omission he is clearly responsible. 13 La. 50; 10 An. 650; 17 An. 74; 21 An. 618; 32 An. 618.

In his petition for a suspensive appeal, the defendant makes no mention of the order rendered in open court, which he had manifestly abandoned for the defect hereinabove mentioned ; and his right to maintain this appeal must be tested under the proceedings predicated upon his petition; hence, the motion to dismiss the present appeal must prevail.

This ruling must not be construed as a bar to appellant's right, if any he has, to perfect and prosecute the devolutive appeal granted to him in the alternative by the order rendered in open court on the 30th of November, 1880, and we render this decree without prejudice to such right.

It is, therefore, ordered that the present appeal be dismissed at appellant's costs.