(53 South. 970.)

No. 18,534.

DELAY et al. v. NEW ORLEANS LAND CO.

(Jan. 3, 1911.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§ 407*)—NECESSARY PARTIES.

When an appeal is taken by petition, it is absolutely necessary that all those who were parties to the judgment should be cited.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2128–2132; Dec. Dig. § 407.*]

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Marie L. Delay, widow, etc., and others, against the New Orleans Land Company. Judgment for defendant, and plaintiff named appeals. Dismissed.

James B. Rosser, Jr., for appellant. Charles Louque for appellee.

BREAUX, C. J. Appeal of Mrs. Marie Louise Delay, widow of Armand R. Kerlec, plaintiff, from judgment rendered in the civil district court for the parish of Orleans, on the 19th day of October, 1910, and signed on the 26th day of the same month.

### On Motion to Dismiss.

The grounds of plaintiff in motion and appellee are that appellees have an interest in reversing the judgment of the district court, and should have been cited.

That the appeal was taken by petition and citation, and not by motion for an order of appeal in open court.

That the failure to cite appellees, as above stated, is appellant's failure, and not due to an oversight of the clerk of court.

The first question which presents itself is: Who are the petitioners?

They are Mrs. Marie Louise Delay, widow in community of Armand Kerlec, deceased, who is appellant here; Mrs. Marie Louise Kerlec, wife of John Baldwin, and said Baldwin to authorize his wife; Clothilde Kerlec; Gabriel Kerlec, and Hugo Kerlec; Marie Pauline Folse, widow of Armand Richard Kerlec, as tutrix.

Mrs. Marie Louise Delay is the appellant, and the defendant Land Company is the only one cited on appeal.

The other appellees were parties to the judgment, and interested in the appeal, and should have been made parties.

They were not made parties, and are not parties. The prayer of appellant's petition of appeal did not include them as parties.

The appellant did not ask that any one be cited, not even the defendant. She assumed that the clerk would have all parties cited. In this she assumed too much; for, under the prevailing practice, it devolved upon her to ask that they all be cited.

The appeal is remanded, at appellant's costs, in order that all the parties to the judgment be made parties.

The costs of appeal to be paid by appellant.