*273 Statement of the Case.
MONROE, C. J.
Plaintiff, alleging itself to be the holder and owner (in common, and in certain proportions which are duly set forth, with Ernest T. Breaux, Prank and Antoine Dumesnil, Eva Breaux, the interdicted daughter of Pierre Breaux, represented by Jules Breaux, her curator, and Rivers, Mar-dis, and Roberta Breaux, minor children of Robert Breaux, deceased, and represented by their tutrix, Mrs. Sylvia Lancon, widow of said Robert Breaux, all children and grandchildren of Pierre Breaux and his now deceased wife) of all the cypress trees upon certain described land lying upon both sides of Bayou Black, in the parish of Terrebonne, brought this suit against the parties named, as the co-owners of said timber, and owners of the land upon which it is situated, for a partition, and a recognition of certain rights in the matter of getting the timber out, praying also for recognition of certain rights as the alleged transferee of the usufruct of Pierre Breaux upon the interest of his deceased wife. There was a preliminary judgment by default against all the defendants, after which the parties named as defendants (with the exception of Eva Breaux, the interdict), and also Adam Dumesnil, who had not been so named, appeared, through counsel, and filed an answer, which denies that plaintiff acquired any usufructuary rights' from Pierre Breaux, or that Pierre Breaux possessed such rights; denies that plaintiff has any rights upon said property “except a servitude, or right, to cut timber, which right must be restricted to that part of the estate which belonged to the vendors of plaintiff”; alleges “that said servitude is suspended until that part shall be ascertained by a partition;” denies “that plaintiff has any right to a partition of said property;” and alleges that, “if plaintiff has a right to partition said land, in order to ascertain upon which part plaintff’s rights are to be exercised, then it must be done by licitation, as said property cannot be conveniently divided in kind.”
The case went to trial upon the written admission of the parties who had appeared and oral testimony, as follows, to wit:
“Admission. It is admitted by counsel for defendants:
“(1) That the cypress trees and timber on the land described in the petition are owned in indivisión by the parties set forth in the petition and in the proportion therein set forth.
“(2) * * * That Ernest T. Breaux sold to the Albert I-Ianson Lumber Company Limited, all his right, title, and interest in and to the cypress timber on the right descending bank of the Bayou Black,
«(3) * * * Ernest T. Breaux acquired the interest in said lands formerly belonging to Mayence Breaux, Jules Breaux, Emma Breaux, widow of Lodrigue, and Pierre Breaux, subsequent to the sale by those parties of their rights, title, and interest in and to the timber on said lands, and subsequent to the recordation of said sales and of the recitations contained in said sales.
“(4) # * * That all of the land upon which timber stands was originally acquired by Pierre Breaux, during the existence of the community formerly existing between himself and his deceased wife; that his said wife is deceased, and was deceased at the time of this sale of his interest in the cypress timber and trees to the plaintiff herein, and that, subsequent to that date and the recordation of said sales, he sold his interest in said lands to Ernest T. Breaux.
“(5) * * * That Pierre Breaux is still living and remains unmarried.
“(6) * * * That as a result of a judgment, rendered by this court, in a suit by the defendants herein against the plaintiff herein, the plaintiff herein has settled with the defendants herein for such damages which were rendered against them [meaning plaintiff] as the result of the cutting and removal of a quantity of cypress timber from said lands. That said judgment has been satisfied. * * * That Mrs. Sylvia Lancon, widow of Robert Breaux, is the duly qualified tutrix of the minors of Robert Breaux, Mardis, Rivers and Roberta Breaux.
“(7) * * * That the timber, standing or involved in this suit, is worth more than $2,-000.”
Counsel for plaintiff offered in evidence the record and proceedings in the interdiction of Eva Breaux, particularly the judgment of interdiction and appointment and qualification of Jules Breaux as curator; also offered the return of the sheriff, showing service of petition and citation on Jules Breaux; also minutes of the court, showing prelim *275 inary default against all parties defendant, and especially the interdict, Eva Breaux, and her curator, Jules Breaux.
“R. B. Butler, sworn — direct examination:
“Pierre. Breaux and Ms deceased wife had nine children, being Ernest Breaux, Mayence Breaux, Jules Breaux, Jean Pierre Breaux, and Dalmar Breaux, Mrs. Dumesnil, the mother of the defendants Dumesnil in this suit, Emma Breaux, widow of Oscar Rodrigue, and Eva Breaux and Robert Breaux the father of the minors, Mardis, Rivers, and Roberta Breaux, •and with Joseph Dalmas Breaux, and that Eva Breaux, interdict, defendant herein, has never parted title or been devested of her interest in said succession or property” (Sic).
Upon the admissions and evidence so submitted, there was judgment for plaintiff, recognizing it and the parties named in the petition as defendants, as also Adam Dumesnil, to be the owners, in indivisión and in certain proportions, of the timber mentioned in said petition, and decreeing:
“That all of said timber be partitioned by licitation, and that it be advertised by the sheriff * * « according to law, and sold at public auction, after due advertisement, to the last and highest bidder, to effect a partition thereof by licitation, and that the purchaser at .such sale acquire and be vested with all the rights of removal of said timber, including the right of ingress, egress, and such other rights and servitudes bearing thereupon as now belong, or attach, to the present owners thereof; the court reserving for future adjudication the question whether the servitudes and rights claimed herein extend to that portion of the property of the interdict and minors herein,” ■etc.
Prom the judgment so rendered, the parties named as defendants, with the exception ■of the interdict, obtained a suspensive appeal, by petition, and cited the plaintiff, but did not cite, and did not pray for citation of, the interdict.
the case has been submitted in this court, without argument, oral or written, from any one.
Opinion.
It will be seen from the foregoing statement of the case that, according to the admissions of the defendants who were cited to appear, and who did appear, in the district court, the property to be partitioned belonged, at one time, to the community which existed between Pierre Breaux and his now deceased wife; that they had nine children, to wit, Ernest, Mayence, Jules, Jean Pierre, Joseph Dalmas, Mrs. Dumesnil (now represented by her minor children), Mrs. Lodrigue, Eva (an interdict), and Robert (now represented by his minor children) ; that of those children only three (or their representatives), to wit, Ernest, Mrs. Dumesnil, and Robert (through their children), were made defendants; that only Ernest, the representatives of Mrs. Dumesnil, and the representatives of Robert appeared and answered; that Eva made no appearance, and that as to her, the judgment appealed from was rendered in confirmation of default; that said judgment was predicated, as to all the parties, upon the admissions made by the counsel who represented the defendants who appeared and answered (to which admissions neither Pierre Breaux nor his other children, including the interdict, were parties),'and the oral testimony to the effect that Pierre Breaux and his wife had the nine children whose names have been mentioned. Assuming that Eva, the interdict, was properly a party to the suit (though the return of the sheriff, showing citation and service of petition upon her curator, is not in the record, having been omitted, as we are informed by the clerk, under the rule of this court concerning the preparation of transcripts, which rule, in this instance, should have been honored rather in the breach than the observance), she was also a necessary party to the appeal, and as the appellants did not ask that she be made a party, and she has not otherwise been made a party, a fact of which we are obliged to take judicial notice, it follows that the appeal must be dismissed.
It is therefore ordered that this appeal be dismissed at the cost of the appellants.
O’NIELL, J., takes no part.