COMIRE, Appellant, v. SCHIRO AMUSEMENT CO.

(May 23, 1927. Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Appeal—Par. 357.**

An appeal may be taken by motion at a term subsequent to the one at which the judgment was rendered; but in that case citation is essential.

2. **Louisiana Digest—Appeal — Par. 360, 364; Clerks of Courts—Par. 8, 9.**

While it may be the duty of the clerk to issue citations of appeal taken by petition without a prayer for citation because the law in such a case requires a citation, it is not his duty to issue citation in an appeal taken by motion, without a prayer for the same, because, as a rule, the law does not require citation in appeals taken by motion.

3. **Louisiana Digest—Appeal — Par. 357, 360, 375.**

When the law requires citation of appeal the appellant must pray for it, and designate the parties to be cited, or, for want of citation, the appeal will be dismissed.

4. **Louisiana Digest — Appeal — Par. 364, 375.**

The appeal will be dismissed when it is the fault of the appellant that the citation did not issue or was not served.

5. **Louisiana Digest—Costs and Fees—Par. 68.**

It is the duty of the appellant to advance the costs of citation of appeal to the clerk and to the sheriff.

Appeal from Civil District Court. Hon. Mark M. Boatner, Judge.

Action by Mrs. G. B. Comire against Schiro Amusement Company.

There was judgment for defendant and plaintiff appealed.

Appeal dismissed.

Jas. G. Schillin and Macheca, of New Orleans, attorneys for plaintiff, appellant.

Harry McEnerny, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. On June 11, 1926, judgment was rendered herein in favor of the defendant and against the plaintiff, rejecting her demands.

On February 9, 1927, plaintiff, by motion, obtained an order of appeal returnable to this court on March 7, 1927.

By an order rendered by this courtt on March 7, 1927, the return day was extended to April 7, 1927.

Plaintiff, appellant, filed his transcript in this court on March 10, 1927.

The defendant and appellee moved to dismiss the appeal ."for the reason that the appeal was taken at a new term of court, and was taken by an ex parte motion and not by petition and citation as the law requires".

The point of practice thereof is: Can an appeal be taken by motion "at a term of court subsequent to the term at which the judgment was rendered"?

Rule V, Sec. 1, of the Civil District Court for the Parish of Orleans, p. 6, provides as follows:

"The judicial year of the Civil District Court for the Parish of Orleans shall commence on the fifteenth day of October in each calendar year and end on the fourteenth day of October in the next calendar year. The term of the court shall begin on October fifteenth of each calendar year, on which day the court shall be opened for the transaction of all business within its jurisdiction, and shall end on the thirty-first day of July following." Smith vs. O'Reilly Elevator Co., 134 La. 636, 64 South. 494.

It is therefore evident that the motion for an appeal, February 9, 1927, was not made at the same term at which the judgment was rendered, June 11, 1926.

The articles of the Code of Practice governing this motion to dismiss are the following, as amended by Act 64 of 1843, R. S., Sec. 29:

Art. 373: "Whoever intends to appeal, may do so either by petition, or by motion in open court at the same term at which the judgment was rendered, etc."

Art. 574: "And when the appeal has been granted upon motion in open court the judge shall fix the amount of security and cause the same with the order granting the appeal to¯ be entered upon the minutes of the court; and in such case, no citation of appeal or other notice to appellee shall be necessary."

Interpreting these two articles, the Supreme Court has said in a number of cases that an appeal may be taken by motion at a subsequent term; but in that case citation was essential.

In the leading case of Prudhomme vs. Edens, 6 Rob. 64, decided in 1845, the Supreme Court, in interpreting the Act of 1843, said:

"Where an appeal is applied for after the term of the court at which judgment was rendered, it should be · by petition, as required by Article 573 of the Code of Practice, and not by motion. But where an appeal has been allowed under such circumstances on motion, and citation has been duly served and the other requisites complied with, it will not be dismissed for such irregularity."

This opinion has been followed in De St. Avid vs. Pichot, 3 La. Ann. 6; Cuddy vs. Belleville Iron Works Co., 4 La. Ann. 582; State vs. Judge of Sixth District Court, 21 La. Ann. 733; Mayville Canal Co. vs. Lake Arthur Rice Milling Co., 119 La. 449, 44 South. 260.

It is therefore settled jurisprudence that an appeal may be taken by motion at a term subsequent to the one on which judgment was rendered. But this interpretation prevails only on the condition that the appellant shall pray for citation upon

the appellee and that the latter shall be cited.

In this case the appeal was taken by motion. This motion does not contain any prayer or order for citation by the clerk, nor does it appear that appellant made any effort to see that appellees should be cited, by any request to the clerk or sheriff, or by advancing the necessary costs.

But it is said that it is the duty of the clerk to issue citations without any request on the part of the appellant. It has been sometimes so held when there is only one appellee. Connolly vs. Adams, 4 La. Ann. 354; Barton vs. Kavanaugh, 12 La. Ann. 332; Wood & Roane vs. Wood, 32 La. Ann. 801; Vredenburg vs. Behan, 32 La. Ann. 561; McCutchen vs. Hudson, 132 La. 183, 61 South. 157.

And as a general rule, Guion, Beck vs. Brown, 6 La. Ann. 112; Plauche vs. Marigny, 6 La. 112 (115); Lambeth vs. Vawter, 6 Rob. 130; 3 La. Ann. 769; Jones vs. Jackson, 22 La. Ann. 112.

Or when the appeal is taken by petition when citation is necessary. Schmitt vs. Drouet & Rabasse, 42 La. Ann. 716, 7 South. 746.

But when the appeal is taken by motion the clerk is not supposed to know that a citation is necessary because, as a rule, the law does not require citations in appeals by motion. De St. Avid vs. Pichot, 3 La. Ann. 7; McCutchen vs. Hudson, 132 La. 184, 61 South. 157.

But the great majority of decisions, and the later and better ones, have held that where the law requires citation of appeal, the appellant must pray for it and designate the parties to be cited, or for want of citation the appeal will be dismissed. De St. Avid vs. Pichot, 3 La. Ann. 6; Walker vs. Mertols, 16 La. 50; Gibson vs. Selby, 3 La. Ann. 318; McCarthy vs. Lewis, 5 La. Ann. 115; Bolling vs. Anderson, 10 La. Ann. 650; Schmidt vs. Benit, 17 La. ±; Roth vs. Hebert, 21 La. Ann. 238; Potier vs. Thibodeau, 21 La. Ann. 618; Dupuy vs. Arceneaux, 21 La. Ann. 629; State vs. Mount, 21 La. Ann. 755; Scott & Co. vs. Seelye, 27 La. Ann. 95; In re Wallace, 31 La. Ann. 334; Fournet vs. Van Wickle, 33 La. Ann. 1108; Delay vs. N. O. Land Co., 127 La. 724, 53 South. 970; Cuddy vs. Belleville Iron Works Co., 4 La. Ann. 582; Smith vs. O'Reilly Elevator Co., 134 La. 635, 64 South. 494; Levert vs. Shirley Planting Co., 135 La. 209, 65 South. 111; King vs. First Methodist Church, 137 La. 879, 69 South. 593; Hanson Lbr. Co. vs. Breaux, 137 La. 272, 68 South. 607; McCutchen vs. Hudson, 132 La. 177, 181, 185, 61 South. 157; McGaw vs. O'Bierne, 124 La. 990, 50 South. 819; Succ. of Treadwell, 38 La. Ann. 260; Wheeler & Pierson vs. Peterkin, 38 La. Ann. 663; Troustine & Co. vs. Ware, 39 La. Ann. 939; Schmitt vs. Drouet & Rabasse, 42 La. Ann. 716, 7 South. 746; Succ. of Mascari, 105 La. 322, 29 South. 718; Salles vs. Jacquet, 106 La. 643, 31 South. 153; Succ. of Le Sage, 112 La. 858 (861), 36 South. 759.

The appeal will be dismissed when it is the fault of the appellant that the citation did not issue or was not served. Perillat vs. Tiffany, 2 Mart. (O. S.) 134; Moran vs. LeBlanc, 6 La. Ann. 114; Burroughs vs. Nettles, 7 La. 113; Bridge & Vose vs. Merle, 7 La. 449; Louise vs. Marot, 9 La. 473; Grappe vs. Robinson,

10 La. 398; Hutchiss vs. Dodd, 10 La. 539; Percy vs. Millaudon, 12 La. 271; Cuny vs. Robert, 12 La. 474; Robert vs. Ride & Mairot, 11 La. Ann. 409; Folger vs. Rouanet, 13 La. 296; Cummings vs. Erwin, 14 La. Ann. 315; Tupery vs. Deffarge, 19 La. Ann. 296; Clark & Brisbin vs. Bouvain & Ermon, 20 La. Ann. 70; Hartin vs. Taylor & Pinckard, 21 La. Ann. 303; Eclipse Towboat Co. vs. Pontchartrain R. R. Co., 24 La. Ann. 11; Stevenson vs. Edwards, 24 La. Ann. 266; Schmitt vs. Drouet & Rabasse, 42 La. Ann. 716, 7 South. 746; McCutchen vs. Hudson, 132 La. 178, 61 South. 157; Ratliff vs. Creditors, 14 La. 292; Delery vs. Savenat, 15 La. 214; Kellog vs. Clark, 15 La. 362; Drew vs. Atchison, 3 Rob. 140; Dolliole vs. Azema, 4 Rob. 424; Duggan vs. De Lizardi, 5 Rob. 224; Hermann vs. Rivers, 9 Rob. 2; Cuddy vs. Belleville Iron Works Co., 4 La. Ann. 582; Courtney vs. Hunt, 5 La. 174.

Act 53 of 1839, p. 162, Sec. 19, C. P., 898, the statute of Jeofail, does not cure failure to pray for citation. Christensen vs. Stumpf, 16 La. Ann. 50; Succession of Treadwell, 38 La. Ann. 260.

It is the duty of appellant to advance the costs of citation of appeal to the clerk and to the sheriff. Lambeth vs. Vawter, 6 Rob. 131; Schmitt vs. Drouet and Rabasse, 42 La. Ann. 717, 7 South. 746; Davis vs. Ruddock Orleans Cypress Co., 132 La. 995, 62 South. 114; Marable vs. Barhan, 137 La. 254; 68 South. 440.

Specially since Section 2 of Act 136 of 1880 and acts amendatory thereof.

*The omission of appellant to ask for citation of appeal and to have it served on appellee when the order of appeal has been granted on motion in open court at a term different from that on which the judgment was rendered, is fatal to the appeal, which

must be dismissed." Wheeler & Pierson vs. Peterkin, 38 La. 663; McCutchen vs. Hudson, 132 La. 178, 61 South. 157; Smith vs. O'Reilly Elevator Co., 134 La. 635, 64 South. 494.

The appellee did not move for the dismissal of the appeal upon the ground that no citation of appeal had issued or had been served. He only suggested it upon the argument of the motion to dismiss heretofore considered.

Appellee contends that the suggestion comes too late, that it should have been made within three days of the filing of the transcript or of the return day.

It has been held that the court will notice, ex officio, the want of citation to necessary parties, and will dismiss the appeal; a motion to dismiss for want of citation may therefore be made at any time. Robert vs. Ride & Mairot, 11 La. Ann. 409; Simmons vs. His Creditors, 12 La. Ann. 755; Condon vs. Samory, 12 La. Ann. 801; Wells vs. Addison, 20 La. Ann. 296; Martin vs. Taylor & Pinckard, 21 La. Ann. 303; Marcy vs. Citizens Mut. Ins. Co., 21 La. Ann. 429; Potier vs. Thibodeau, 21 La. Ann. 618; Sittig vs. Littell, 21 La. Ann. 646; Baird vs. Russ, 33 La. Ann. 920; Cockerham vs. Bosley, 52 La. Ann. 65, 26 South. 814; McCutchen vs. Hudson, 132 La. 177 (181), 61 South. 157; In re Great Southern Lbr. Co., 132 La. 995, 62 South. 117; Hanson Lbr. Co. vs. Breaux, 137 La. 272, 68 South. 607.

It is immaterial at what time a motion to dismiss an appeal for want of necessary parties is filed, or where they are not in fact cited, there is no prayer for citation, and they fail to appear, whether it is filed at all, for, without such parties, there can be no final judgment, and this

court is therefore bound, in disposing of the case, to take notice of their absence, and if failure to cite them be attributable to the fault of the appellant, must, ex proprio motu, dismiss the appeal. McCutchen vs. Hudson, 132 La. 177, 61 South. 157.

This appeal is therefore dismissed.