DAVIDSON
*v.*
MATTHEWS.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## GIBSON *v.* SELBY.

| | |
|---|---|
| 3 | 317 |
| 112 | 860 |
| 112 | 861 |

The rule that all the parties to a judgment from which an appeal is taken must be made parties to the appeal, is only deviated from in the case of merely nominal parties, who are without interest.

GIBSON
*v.*
SELBY.

Where, on dissolving an injunction, judgment was rendered against the plaintiff and his surety *in solido* for interest and damages, and the former appeals, the latter must be cited as an appellee, or the appeal must be dismissed. He is not a merely nominal party.

The fact that the appellee himself, as a judge, granted the appeal, will not, when in the order granting the appeal he expressly declines to waive any of his personal rights as a litigant, excuse the omission to cite him.

Where in the petition for an appeal there is no prayer for the citation of any appellee, the omission to issue citations will not be considered as negligence on the part of the clerk.

APPEAL from the District Court of Carroll, *Curry*, J. This case was argued on a motion to dismiss.

*Bonford*, for the appellant. *Gibson* is the only party plaintiff, and *Selby* the only party defendant in the present action. It is true, the judgment dissolving the injunction is rendered against the present plaintiff and his surety. But the judgment against the surety is only incidental, and is effective in so far only as the principal judgment against the plaintiff can be maintained. It is only where a party to the suit, having a real adverse interest to the appellant, is not cited, that the appeal will be dismissed. Here the surety is neither properly a party to the suit, nor is his interest adverse to that of the plaintiff. In the case of *Brigham* v. *Taylor*, 2 An. R. 906, it does not appear that the plaintiff's surety was made a party to the appeal. The objection was that the real party in the cause, whose interest was adverse to that of the plaintiff, was not cited as appellee—an objection which the court properly determined to be fatal to the appeal. But it was not supposed that the appeal was defective, because the plaintiff's surety was not made a party. No case has been presented by the defendant to this effect. The practice has never been to include the surety as a necessary party to the appeal.

The ground of dismissal is, that the defendant has not been cited on the appeal. The defendant himself signed the order of appeal. Could a citation have effected more than the notice derived from his own act, that an appeal had been taken. The citation emanates from defendant as judge. Shall the omission of a vain formality—that of the defendant citing himself to appear in the appellate court—be deemed essential to the right of appeal? If the court should be of this opinion, it is submitted that this case would justify the same action as was taken in 9 La. 471, viz: the granting of further time to the appellant to cite the appellee.

*Browder*, on the same side.

*Selby*, defendant, *pro se*, contended that the appeal must be dismissed. All the parties to the judgment below, are not cited. 9 La. 471. 12 La. 474. 15 La. 363. 3 Rob. 140. 5 Rob. 225. 11 Wheat. 414. 2 Peters, 140. 7 Peters, 399. 8 Peters, 268, 526. *Brigham* v. *Taylor*, 2 Ann. R. 906. There was no citation, nor copy of petition of appeal served on the defendant. C. P. 581, 582. 14 La. 292.

*Thomas* and *Snyder*, also appeared for the defendant.

The judgment of the court was pronounced by

KING, J. The appellee has moved to dismiss this appeal on the ground, among others, that all of the parties contradictorily with whom the judgment was rendered have not been made parties to the appeal, and that the appellee himself has not been cited.

*Gibson*, the appellant, enjoined the execution of a *fieri facias*, and sought in the same action to annul the judgment under which the writ was issued. The injunction was dissolved, and the plaintiff and his surety on the bond were condemned *in solido* to pay interest and damages on the amount of the judgment injoined. On a motion made in open court an appeal was granted, which was not prosecuted. The present appeal has been brought up, on an order granted by the judge on an application made by petition. Citations were, therefore, necessary. But neither the surety in the injunction bond, against whom judgment was rendered, nor the appellee have been cited: nor has the appellant prayed that they be cited in his petition for an appeal. The settled rule, that

all the parties to the judgment appealed from must be made parties to the appeal, is only deviated from in the instances of merely nominal parties, who are without interest. *Drew* v. *Atchison*, 3 Rob. 140. 5 Rob. 225. 12 La. 474. 15 La. 362. *Hobgood* v. *Brown*, 2 An. Rep. 323.

By the act of 1831, (Acts, p. 102,) the surety on an injunction bond is a party plaintiff in the suit, and, on the dissolution of the injunction, a judgment *in solido* is to be rendered against him and his principal. He is not a merely nominal party to the judgment in the present instance, but has an interest in having it maintained, so long as he himself is held bound. If we were permitted to consider the appeal and to reverse the judgment as to the appellant, it would still remain in force and might be executed against the surety. It was indispensable to the consideration of the appeal, that he should have been brought before this court. The reason assigned for the failure to cite the appellee, i. e. that he was the judge who granted the appeal, is insufficient to excuse the omission. The appellee, in the order which he granted under the mandate of this court, expressly declined waiving any of his personal and private rights as a litigant.

The first appeal was taken in April, 1846, and, as we have said, was not prosecuted. The second was granted in August, 1847. The appellant has thus had two years to bring up his appeal, and has not, in our opinion, used the diligence which entitles him to further indulgence. The failure to issue citations, under the prayer of the petition for an appeal, cannot fairly be considered as the result of negligence on the part of the clerk.

*Appeal dismissed.*