(36 South. 757.)

No. 14,648.

Succession of LE SAGE.

(Nov. 30, 1903.)

EXECUTOR — HOMOLOGATION OF ACCOUNT—APPEAL—DISMISSAL.

1. The ex parte affidavit made thereon out of court by an executor is insufficient to support a judgment homologating his account. Barry Bros. v. White Lead & Color Works, 31 South. 733, 107 La. 236.

On Rehearing.

2. The appeal from the judgment homologating an account was taken by petition and citation out of term time.

No service was made on the creditors who were interested in the judgment. It was not due to the omission of the clerk. The creditors are interested in maintaining the judgment. If they are not interested, it is because they have been paid, and, further, if they are not interested, there is "no matter in dispute or fund to be distributed within the court's jurisdiction." Article 85 of the Constitution.

In either case, under repeated decisions, the appeal must be dismissed.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

In the matter of the succession of Margaret Le Sage. From an order homologating. the executor's account, Ernest Pollock appeals. Dismissed.

Dart & Kernan, for appellant. Alfred Joshua Lewis, for appellee.

MONROE, J. The final account of the decedent's executor, verified by his affidavit made before a notary public outside of court, was offered for homologation; and, it having been shown that it had been advertised as required by law, and that no opposition had been filed, it was duly homologated. Thereafter Dr. Pollock applied for and obtained an order for a suspensive appeal from the judgment of homologation, and he assigns as error that there is due him $300, and that the executor's attorney admitted the claim, but thereafter filed the account without advising opponent, and placed him thereon for only $125, and that said account was homologated without the requisite proof of its correctness.

What passed between the opponent and the counsel is dehors the record, and cannot be here considered, though it is proper to remark that the counsel for the executor, in the brief filed by him, denies that he admitted the correctness of the appellant's claim.

Under the authority of Barry Bros. v. White Lead & Color Works, 107 La. 236, 31 South. 733, we must, however, hold the ex parte affidavit of the executor to be insuffi-

cient evidence to support the judgment homologating his account.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided; and reversed, and that this case be remanded to the district court, to be there proceeded with according to law; the costs of the appeal to be paid by the succession; those of the district court to await the final judgment.

## On Rehearing.
### (June 20, 1904.)

BREAUX, C. J. The succession of the late Mrs. Margaret Le Sage was opened in due form. She died testate, leaving a city lot to her grandson Henry Caspar Ebert, and to her other grandchildren the remainder of her property, subject to usufruct stated in the will, and appointed James Jones the executor.

The will was probated on the 9th day of July, 1902, and its execution ordered, and letters testamentary were issued, and inventory made showing that the property was worth over $6,136.

On the 28th day of July, 1902, the right of the heirs and legatees of Mrs. Le Sage was recognized, and an order was issued placing them in possession of all the property left by her.

On the 21st day of July the testamentary executor filed an account, on which he placed the claim of appellant, a physician, for $125. He had rendered a bill to the executor for $500, which the executor undertook to curtail by reducing it as just stated, leaving a balance of $375, which appellant claims.

Notice of the filing of this account was given by the usual advertisement in the newspapers.

This account was approved and homologated by a judgment of the court on the 4th day of August, 1902.

On the 15th day of August following, appellant, by petition, and not by motion in open court, asked for an appeal, and asked that the executor be cited to answer the appeal.

The order of appeal on this petition was issued on the 18th day of that month.

The executor and creditors were not cited to answer the appeal.

Objection is urged by appellee on the ground that it is "the duty of the appellant to complete his appeal by citing or causing to be cited the parties to the judgment." In addition, in his exception, counsel for the executor avers that the executor has not been cited. As counsel had filed an appearance for the executor prior to filing the second exception, he cannot very well be heard to urge that the executor has not been cited. Moreover, appellant, in his petition, asked for citation to be served on the executor. Failure to cite him was, in consequence, an omission of the clerk.

It is entirely different as relates to the creditors and other parties to the account. The petition of appeal made no mention of these creditors and parties, and did not ask for a citation to be served on them.

In Succession of Romero, 25 La. Ann. 534, the creditors on the tableau were not cited. The court would not permit the attorneys who represented the appellant and those representing appellee to enforce an agreement in regard to the issue, because all the parties were not before the court.

The creditors interested in maintaining the judgment must be cited. Gibson v. Selby, 3 La. Ann. 317; Succession of Perret, 17 La. Ann. 307; Louque's Digest, p. 41, No. 15 et seq.

The creditors here are interested. If they are not, then the court is without jurisdiction, for the only amount involved is the balance before mentioned claimed by the appellant, which is much less than the minimum jurisdiction of this court; and, if creditors are without interest, there is no "matter in dispute or fund to be distributed" within

this court's jurisdiction. Article 85 of the Constitution.

But the creditors are interested. It then follows that their interest cannot be affected unless they are made parties.

We have stated that appellant did not pray for citation to be served on the creditors. The omission to cite is therefore appellant's, and, as the appellee has not been cited, the appeal will be dismissed. Bolling v. Anderson, 10 La. Ann. 650; Gibson v. Selby, 3 La. Ann. 317; Walker v. Martolo, 16 La. 50; Pratt v. Erwin, 5 La. Ann. 115; Louque's Digest, p. 40, No. 9; Taylor's Digest, p. 45, No. 1.

The proper parties not being before us, it devolves upon us, in accordance with the rule followed in repeated decisions, to dismiss the appeal.

The judgment heretofore rendered by this court is recalled and annulled and the appeal is dismissed at appellant's costs.