## C. WILLIAMS AND HUSBAND *v.* M. COURTNEY.

Appeal dismissed because one of the defendant's warrantors had not been made a party to it.

APPEAL from the District Court of the Parish of Point Coupée, *Farrar,* J. *Ratliff,* for plaintiff and appellant:

As to plaintiff's right to a second appeal, the judgment was rendered in the court of the first instance, on the 31st day of December, 1852. The order for this appeal was granted on the 28th of March, 1853. Petition and citation of appeal was served on *Micajah Courtney,* on the 6th of April, 1853; on *David Barrow,* Executor, on the same day, and was served on the same day—6th of April, '53—on *Samuel J. Powell,* Curator *ad hoc.* Thus the appeal is in time, say nothing of the fact, that plaintiff resides and has resided nearly all her life in the State of Mississippi. See C. P. 593; see *Smith* v. *Vanhill,* 11 L. R. 383. *Roberts* v. *Benton,* 1 R. R. 100. 4 R. R. 259. 2 Ann. 484. 2 Ann. 628. The bond was filed 30th day of March, 1853. We now consider that we are properly before this court, and ask most respectfully an attentive consideration of our demand.

*Brewer & Collins,* and *U. B. Phillips,* for defendant.

VOORHIES, J. This is a petitory action. The plaintiffs claim, by inheritance, one-fifth of a tract of land in the defendant's possession, as one of the forced heirs of *Michael Williams,* who owned and possessed the same at the time of his death.

The defendant avers that he holds the land in his possession by virtue of good and sufficient titles, two acres of which, under a Sheriff's sale made by virtue of an order of seizure and sale at the suit of the *Bank of Louisiana* v. *John Desmont,* and the balance by purchase from *Bartholomew Barrow.* He also pleads the prescription of five, ten and twenty years; and prayed that the Bank of Louisiana, *John Desmont* and *Bartholomew Barrow,* be cited in warranty. His warrantors, on being cited, answered severally, except the Bank of Louisiana.

It is averred that *Barrow's* title to the land in dispute is derived from the estate of *Mary Ann Williams,* wife of *Michael Williams,* and mother of the plaintiff, who acquired the same by purchase at the judicial sale of her husband's estate made on the 28th of January, 1823; that the plaintiff having accepted her estate purely and simply, is therefore estopped from disputing said title; that on the 14th of February, 1825, *Robert R. Barrow* purchased the land in question at the judicial sale of the estate of said widow of *Michael Williams,* and, on the 16th of June, 1830, conveyed the same to *James Jones,* from whose estate the defendant acquired the same by purchase. The judicial sale of the estate of *Michael Williams,* made under a decree of the Probate Court, was a cant or licitation made for the purpose of effecting a partition between his widow and heirs. The prescription of five years is also pleaded by this warrantor.

*John Desmont,* it is averred by the curator *ad hoc* appointed to represent him, purchased from *Imlay Keep,* whom he prayed to be cited in warranty.

In relation to the Louisiana Bank, issue is joined tacitly by a judgment by default rendered on the 3d of June, 1851.

On the 31st of December, 1852, the District Court rendered judgment in favor of the defendant, and the plaintiff appealed. The appeal was dismissed by our predecessors, on the ground that all the parties having an interest that the judgment of the District Court should remain undisturbed had not been made parties. The present appeal comes up on a second order granted by the District Court, and a similar motion has been made by the appellees to have the same dismissed.

The record shows that the Louisiana Bank, one of defendant's warrantors, has not been made a party to this appeal. C. P. 711. On the dismissal of the former appeal, the court said: "The warrantors are the parties upon whom the loss is to fall in case the judgment should be reversed; they have a direct interest that it should remain undisturbed, and under the settled jurisprudence of this court, the appeal cannot be sustained." It is therefore clear that this appeal must be dismissed.

It is therefore ordered, adjudged and decreed, that this appeal be dismissed at the appellant's costs.