MAD. WIDOW J. F. ROBERT, Testamentary Executrix of LOUIS ALLARD,
    *v.* ETIENNE ALPHONSE RIDE and ADRIEN MAIROT.

Appeal dismissed for want of proper parties.

The practice of the Supreme Court is to notice *ex officio*, and without any motion to dismiss having been made, the want of proper parties for a final decree.

APPEAL from the Second District Court of New Orleans, *Lea, J.*
    *Tissot* and *Filleul*, for plaintiffs and appellants. *Castera* and *Le Gardeur*, for defendants.

BUCHANAN, J. A motion is made to dismiss this appeal, because all the parties to the proceedings, interested in maintaining the judgment of the District Court, have not been made parties to the appeal.

The petition involves two causes of action; one of which is the nullity of a sale of land made by the deceased *Allard* to the defendant *Ride* in February, 1837. The parties originally cited as defendants were *Ride* and *Mairot*, to whom *Ride* is alleged to have sold the land in April, 1853.

By a supplemental petition plaintiff alleges that *Mairot* had sold the land in question to *Lize Pelleton* in May, 1853, and that *Lize Pelleton* had sold to *J. F. Burgnot* on the 6th June, 1853, both said sales being prior in time to the institution of this suit. Judgment is asked as in the original petition, for the rescission of the sale of the land, against *Pelleton* and *Burgnot*, *in solido* with the original defendants.

All four defendants have pleaded to the action, which was decided in their favor by the District Court. Plaintiff appealed by motion, and gave a bond *in favor of Ride and Mariot only.*

It is clear that the other two defendants, *Burgnot*, who is the actual possessor of the land, and *Pelleton*, his vendor, who is cited in warranty to defend his title, have an interest in maintaining the judgment of the District Court appealed from; an interest so much the greater, if the allegations of plaintiff's petition be true, that *Ride* and *Mairot* are absentees, and utterly irresponsible in a pecuniary point of view.

Let the rule be made absolute, and the appeal be dismissed, with costs.

---

ON A REHEARING.

BUCHANAN, J. We have been requested by counsel on both sides to consider this case as if a rehearing had been granted upon the motion to dismiss the appeal.

It is needless to inquire whether the motion to dismiss in this case should have been filed within three days after the transcript was brought up from the inferior court, inasmuch as the practice of this court has been to notice, *ex officio*, and without any motion to dismiss having been made, the want of proper parties for a final decree. *Swearingen v. McDaniel*, 12 Rob., 205; *Succession of Perry*, 4 An., 577.

The parties mentioned in the appeal bond are alone parties to the appeal; and it is immaterial to inquire who filled up the blanks in the appeal bond. If that was done by the Clerk of the court, he can be viewed in no other light, *pro hac vice*, than as the appellant's agent. *Hill* v. *Bowden*, 2 An., 452.

Let the judgment already rendered remain undisturbed.