### FRANCES E. LAWRENCE AND HUSBAND *v* J. BURRIS.

The husband is a necessary party to an appeal taken from a judgment in favor of his wife, and if his name is omitted in the appeal bond, when the appeal is granted, as if on motion in open court, the appeal will be dismissed.

APPEAL from the District Court of the parish of St. Mary, *A. Voorhies*, J. *J. G. Olivier*, for plaintiffs. *T. H. Lewis, J. A. McClarty*, for defendant and appellant.

SPOFFORD, J. *Frances E. Brashear*, wife of *Henry E. Lawrence*, "authorized, assisted and joined by her said husband," alleging herself to be the owner of a certain tract of land upon the Bayou Bœuf, in the parish of St. Mary, brought suit against the defendant, as the possessor of an adjoining tract, to fix the boundary line between the two co-terminous estates, and to recover damages for alleged trespasses.

The defendant answered, denying the trespasses, avering that the land upon which the plaintiff says he had encroached, was his, and in case of eviction by her, claiming a large sum against her for the value of his improvements.

A survey was had, and there was a judgment in favor of the plaintiff, fixing the limits in accordance with her prayer, and adversely to the pretensions of the defendant.

The defendant appealed.  He gave an appeal bond only in favor of *Mrs. Lawrence*, and not in favor of her husband.

*Mrs. Lawrence*, authorized by her husband for this special purpose, now moves to dismiss the appeal, because the defendant has not made her said husband a party to the appeal.

He is a necessary party.   No valid judgment could be rendered against her, even in a matter pertaining to her separate interest, without his presence to assist her.

In this case, the appeal bond is the only test of the question, whether the defendant has made him a party to the appeal.   For the order of appeal was granted in chambers, pursuant to the following consent authorizing the Judge to decide the case in chambers: " Either party shall have the right to appeal from said judgment, as if moved for in open court, on furnishing the bond and security for the amount which shall be fixed to the order to be granted by the Judge presiding.   Waiving the necessity of petition and citation of appeal."

In a case of this kind, it has been held that the parties mentioned in the appeal bond are alone parties to the appeal.   *Robert v. Ride*, 11 An. 410; see also *Hewson v. Creswell*, 10 An. 232.

In *Lanoue v. Reed*, 7 La. 113, the appeal was dismissed for the following reasons, assigned by Mathews, J.   " The suit is brought against an executor and a testamentary heir; the latter being a married woman, was sued together with her husband.   He is not cited in the appeal, which ought to have been done, he being a party to the suit necessarily made so, *to protect the interest of his wife*."

In *Wells v. Scott's Executrix*, 10 La. 401, a similar ruling was made.   It was objected then that the wife was before the court merely as executrix and might well appear without the assistance of her husband.  The court remarked that " the 118th Article of the Code of Practice provides,  that in all suits for a cause of action relative to the wife's separate interest, both husband and wife must be parties.   In this case, the husband was a party below, and the judgment is in favor of the executrix for a balance on her account of administration.   The balance thus decreed to her evidently does not belong to the estate, and consequently not to the executrix in that capacity, but personally. The judgment became her property, and when the appellants seek to avoid it, her husband must be joined with her."

The appeal being granted, as if on motion in open court, the only mode in which the appellant could manifest an intention to bring *Mr. Lawrence* before the appellate court, was by giving an appeal bond in his favor as well as in favor of his wife.

Appeal dismissed.