No. 2013.—B. Avegno v. S. Johnston—G. Merz, subrogated.

Where an appeal is taken by petition from an injunction suit, and the appellant fails to have the surety on the bond cited with other parties, the appeal will be dismissed for want of proper parties. The surety on the injunction bond is a necessary party to the appeal, and must be cited.

APPEAL from Fifth District Court, parish of Orleans. *Leaumont*, J. *Hornor & Benedict*, for appellants. *E. Bermudez*, for appellees.

Howell, J. A motion is made to dismiss this appeal, on the ground that the surety on the injunction bond given by the plaintiff and appellee, has not been cited as appellee.

It may be considered the settled jurisprudence of this court that the surety on an injunction bond is a necessary party to an appeal, and when the appeal is taken by petition, he must be cited, otherwise the appeal will be dismissed for want of proper parties, where, as in this case, the appellant fails to have the surety cited with other parties. See 12 R. 203; 3 An. 318; 4 An. 514, 577; 10 An. 347; 11 An. 409; 19 An. 291; 20 An. 70.

It is therefore ordered that the appeal herein be dismissed, with costs.

---

No. 2634.—The State of Louisiana, for the use of the City of New Orleans, v. Phillip Dopf and J. B. Nick.

The Supreme Court will *ex officio* notice the fact, and dismiss the appeal, if the amount claimed does not exceed five hundred dollars at the time judicial demand was made.

APPEAL from Fifth District Court, parish of Orleans. *Leaumont*, J. *F. Michinard*, for plaintiff and appellant. *McGloin & Kleinpeter*, for defendant and appellee.

Ludeling, C. J. The plaintiff sues for the recovery of a forfeited bond for five hundred dollars, with legal interest from judicial demand.

It is our duty to notice that this court is without jurisdiction in the case, as the amount claimed did not exceed five hundred dollars when judicial demand was made.

It is therefore ordered that the appeal be dismissed.

Rehearing refused.