No. 8148.

WIDOW AND HEIRS OF JAMES BENTON BAIRD VS. SEMPRONIUS RUSS.

ON MOTION TO DISMISS.

Appellant not having asked that all the Defendants and Warrantors be cited as Appellees, the Appeal must be dismissed.

The want of proper parties in this Court will be noticed at any time, in any form of suggestion and, even, *ex mero motu.*

APPEAL from the Tenth Judicial District Court, parish of Red River. *Pierson*, J.

*Jas. H. Pierson* for Defendant and Appellee.

*L. B. Watkins* for Plaintiffs and Appellants.

*B. R. Forman* on same side, on application for rehearing.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

FENNER, J. The ground of want of proper parties, assigned in the motion to dismiss, is fatal to this appeal. The suit is brought to recover immovable property now held by defendant, Russ, under a title running back through several successive conveyances recited in the petition. Not only Russ, but his several successive authors, were made parties defendant, and were cited; and judgment was prayed for " against all of said defendants, each and severally, annulling and setting aside each and every of said sales, and * * * condemning Russ to deliver said property, etc."

Answers were filed by said several defendants, and after trial, judgment was rendered as follows : " In this case, by reason of the law and evidence being in favor of defendants, it is ordered, adjudged and decreed, that plaintiffs' demand be rejected and their suit be dismissed, etc."

The present appeal was taken by petition, which prayed for the citation of Russ alone and his co-defendants were neither cited nor asked to be cited.

The several deeds of sale, in evidence, show that the authors of Russ' title assumed all the obligations of warrantors. They are, therefore, directly interested in the maintenance of the judgment appealed from, in all its parts; and, in fact, the judgment in favor of Russ could not be disturbed without practically annulling the judgment in favor of his co-defendants.

It has passed into an axiom of our jurisprudence, too trite to justify even the citation of authorities in its support, that all parties to the record, interested in maintaining the judgment appealed from, must be made parties to the appeal, or, otherwise, it will be dismissed.

.It seems hardly necessary to say that the point made by appellant's counsel, to the effect that the want of citation is waived where the appellee moves to dismiss on other grounds, applies only to the citation of the objecting appellee himself. It has no application to the objection of want of proper parties, which will be noticed by the court, at any time, and in any form of suggestion, and even *ex mero motu.* Anxious as we are to favor the right of appeal, we can discover no possible ground on which the present appeal can be sustained.

The appeal is dismissed at appellant's costs.

Rehearing refused.