Miller & Co. vs. Creditors.

## No. 9284.

### LUCIUS W. MILLER & CO. VS. THEIR CREDITORS.

An insolvent, who avers in his petition of surrender that he was carrying on his business under a firm name of his own "and Company", will not be allowed to prove in a contest over an account presented by himself as syndic that the firm was composed of himself and another person. In such a case, creditors who dealt with him under his firm name can obtain no preference over creditors who had previously dealt with him under his individual name. Hence all his creditors are entitled to an equal participation in the distribution of his assets.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

*Breaux & Hall* for the Syndic, Appellant.
*Julius Aroni* for Opponents and Appellees.

The opinion of the Court was delivered by

POCHÉ, J.   L. W. Miller, the syndic in these insolvency proceedings, prosecutes this appeal from a judgment recognizing the opponent, Solomon Michelbacher, as a creditor on the account in which he had been ignored.

Appellant does not deny that the opponent is a creditor of L. W. Miller, but his contention is that the creditors of the firm of L. W. Miller & Co. must be preferred to the creditors of L. W. Miller individually.

The question presented on appeal involves the issue of the existence of any firm, or partnership distinct from L. W. Miller individually.

In the petition for surrender, L. W. Miller avers that he "is carrying on a commercial business in New Orleans under the commercial style of Lucius W. Miller & Co," and in his affidavit attached to his schedule he states, among other similar matters, "that the above schedule contains a correct and faithful statement of all the property I possess," etc., etc.   On trial he offered the testimony of a witness to prove that the latter had been his partner from 1879 to 1881, and that no public notice had been given of the dissolution of the firm.

The evidence was admitted over opponent's objections.   It should have been rejected.   The insolvent, who was subsequently chosen as syndic, having alleged and sworn that he alone composed the concern known under the commercial style of "L. W. Miller & Co." should have been held to his judicial declarations, and should not have been permitted to prove a state of things entirely different from that set forth in his pleadings.   This rule of practice is elementary and need not be supported by authority at this stage of our jurisprudence.

It is true that Miller was carrying on his business under a firm name in direct contravention of a prohibitory law. R. S. 2668. But under the issue which we are considering, we have no concern with the legal consequences of his violation of that law. He surely could invoke no advantage therefrom; and it could create no preference in favor of creditors who dealt with him during his career under a false color, over those who had dealt with him previously under his own name and in his legitimate business. We have held that a party who had dealt with an offender under that provision of our law could not be allowed to repudiate a contract which he had entered into with the offender under the false color of being a member of the firm. Kent & Co. vs. Mojonier, 36 Ann. 259. For the purpose of this case, Miller, the insolvent, must be dealt with as a single individual carrying on the business of "L. W. Miller & Co.," although the concern had been conducted under his name alone. Hence all his creditors must stand on the same footing. These are the conclusions reached by the district judge, notwithstanding the testimony which had been admitted in support of the existence of a lawful partnership; hence we find his decree correct.

Judgment affirmed.