PRO YO STY, J.
The petition in this case alleges that in September, 1905, the petitioner transferred certain lands to its attorney in trust for certain purposes specified in the deed of trust, and that the said attorney fraudulently altered said deed by changing its date and including additional property of petitioner and leaving out the words “in trust,” and, in pursuance of a conspiracy to defraud petitioner, deeded said lands in November, 1906, to M. W. Greesom, and that, in December, 1906, said Greesom, in pursuance of the said conspiracy, deeded said lands to W. S. Matthews, and that thereafter said Matthews deeded said lands to the Sabine River Lumber Company, composed of the said Matthews and his friends. And the petition concludes with a prayer that all the parties above named be cited and that said conveyances be annulled and the said lands decreed to belong to the petitioner.
The persons thus made defendants answered, admitting the transfers, but otherwise contesting the allegations of the petition. On the trial the several deeds were offered in evidence, and all of them appear to have been made with full warranty.
There was judgment for the defendants, and plaintiff appealed. The appeal was by petition. The only defendant asked to be cited on the appeal was the Sabine River Lumber Company. This sole appellee has moved to dismiss the appeal on the ground of want of proper parties.
In the case of Baird v. Russ, 33 La. Ann. 920, where there had been successive sales of the property which the suit was brought to recover, and the several vendors had been made defendants in the suit, and the plaintiff, in appealing from an' adverse judgment, had cited on the appeal only the last vendee —all as in the instant case — this court said:
“The present appeal was taken by petition, which prayed a citation of Russ alone, and his codefendants were neither cited nor asked to be cited.
“The several deeds of sale, in evidence, show that the authors of Russ’ title assumed all the obligations of warrantors. They are therefore directly interested in the maintenance of the judgment appealed from, in all of its parts; and, in fact, the judgment in favor of Russ could not be disturbed without practically annulling the judgment in favor of his codefendants.
“It has passed into an axiom of our jurisprudence, too trite to justify even the citation of authorities of its support, that all parties to the record, interested in maintaining the judgment appealed from, must be made parties to the appeal, or otherwise it will be dismissed.”
Again, in the analogous case of Williams v. Courtney, 9 La. Ann. 98, this court said:
“The warrantors are the parties upon whom the loss is to fall in case the judgment should be reversed; they have a direct interest that it should remain undisturbed, and under the settled jurisprudence of this court the appeal cannot be sustained.”
Also, see Hutchinson v. Johnson, 19 La. Ann. 141; Avegno v. Johnson, 2 La. Ann. 400; Robert v. Ride, 11 La. Ann. 409; Miltenberger v. Estate, 23 La. Ann. 267; Succession of Perret, 17 La. Ann. 302; Lallande v. McRae, 18 Da. Ann. 177; Gay v. Marionneaux, 20 La. Ann. 358; Sittig v. Littell, 21 La. Ann. 646.
Appeal dismissed.