**UNITED STATES ex rel. FIRST NAT. BANK OF SHREVEPORT, LA., v. ROBINSON et al.**

No. 2470.

District Court, W. D. Louisiana, Shreveport Division.

Jan. 5, 1934.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, La., for plaintiff.

Pugh, Grimmet & Boatner and J. N. Marcantel, all of Shreveport, La., for defendant.

DAWKINS, District Judge.

This is an action at law by the United States on the relation of the First National Bank of Shreveport, La., upon the bond of a contractor with the government for doing certain public work. The bank, as the assignee on a claim for materials, alleged to have been furnished to the contractor, in the petition describes the principal in the bond to whom the materials were sold and delivered as "George J. Robinson, doing business under the trade name of George J. Robinson Company." The prayer is "that the aforesaid George J. Robinson, doing business as George J. Robinson Company * * * be duly cited to answer hereto, * * *" and that "there be judgment * * * against the aforesaid George J. Robinson, doing business as George J. Robinson Company" and the defendant surety company in solido. The citation was addressed in the same manner. Defendant George J. Robinson has moved to dismiss on the ground that he has been improperly sued and cited to appear herein, and, if "ignored, it may result in a judgment against George J. Robinson Company, and while said judgment would be null and void yet it may cause embarrassment and trouble to your petitioner, hence this appearance." He relies mainly upon the case of In re Great Southern Lumber Co., 132 La. 989, 62 So. 117. However, that was a concursus proceeding in which one J. P. Moss attempted to prosecute an appeal

in the state Supreme Court in the name of the Knoxville Plumbing Company as a tradename, without himself appearing as a party to the appeal. The court simply held this could not be done. In the present case the individual defendant is sued and cited, although he is described as "doing business as George J. Robinson Company." This presents an entirely different proposition, in that the defendant is himself made a party to the action in the present case, accompanied by his appendage; whereas, in the cited case, the individual attempted to appear through the appendage alone. I am of the view that the contention is without merit and the exception should be overruled.

The other defendant, Hartford Accident & Indemnity Company, asked for a bill of particulars, and prayed that the plaintiff be required to disclose whether the contract for furnishing materials with Robinson was oral or in writing, and, if the latter, it be granted oyer thereof. Since this last motion was filed, the plaintiff has answered it, reciting that the contract between the assignor of the bank and the defendant "was entirely oral." This disposes of the motion, and it will be overruled.

Proper decree should be presented.