77 So.2d 730

**CITY OF NEW ORLEANS**

v.

**Don L. PETERSON and Raymond F. Twickler et al.**

No. 42050.

Jan. 10, 1955.

Bertrand I. Cahn, New Orleans, Charles A. O'Niell, Jr., New Orleans, of counsel, for appellants.

Monroe & Lemann, J. Blanc Monroe, Walter J. Suthon, Jr., New Orleans, for defendant-appellee.

McCALEB, Justice.

In this proceeding, which the City of New Orleans brought to expropriate certain strips of ground approximately 72

feet in width in Squares 1911, 1984 and 2091 in the Third District of the city, a dispute arose between appellants, Peterson and Twickler, and appellee, New Orleans & Northeastern Railroad Company, concerning the ownership of a portion of the land 23 feet in width. The expropriation having been consummated by judgment rendered on January 21, 1954 and deposit by the City in the Registry of the Court of $11,941, the adjudicated value of the entire property, the judge undertook to resolve the conflicting claims of appellants and appellee. Joined with appellee in opposing appellants' claim of ownership was Louisville & Nashville Railroad Company, which had obtained from appellee, New Orleans and Northeastern Railroad, a servitude or right of way, 15 feet in width, over a part of the disputed strip. The former Company and appellee had entered into a stipulation that, in the event appellee's ownership of the property were recognized, they would divide equally the amount of the money deposited in the Registry of the Court allocable to the portion of the land affected by the servitude.

Following a trial on the controverted issue, judgment was entered in favor of appellee and it was awarded $1,252.08 out of the monies in the Registry of the Court, which amount was allocable to that portion of the strip 23 feet in width not covered by the servitude of the Louisville & Nashville Railroad. And, taking cognizance of the stipulation between the railroads, the court further ordered that the sum of $2,486.41 of the expropriation monies, attributed to that portion of the ground subject to the servitude, be paid one-half, or $1,243.21, to appellee and the other half, or $1,243.20, to Louisville & Nashville Railroad. This judgment was signed on June 30, 1954 and, on July 2nd, appellants timely moved in open court for and obtained an order of appeal. The appeal was perfected on July 7, 1954 by the filing of a bond in favor of the Clerk of Court.

Appellee has moved to dismiss the appeal asserting, in the main, that there is a non-joinder of Louisville & Nashville Railroad Company, a necessary party.

■ There is no substance in the contention. The appeal having been granted on motion in open court and the appeal bond being in favor of the Clerk, every party with an interest in the judgment appealed from is an appellee by operation of law. Baker & Thompson v. Pagaud, 1874, 26 La.Ann. 220; Francis v. Lavine, 1874, 26 La.Ann. 311; Webb v. Keller, 1887, 39 La.Ann. 55, 1 So. 423; Conery v. New Orleans Water-Works Co. 1890, 42 La.Ann. 441, 7 So. 590 and Guy v. McDuffie, 1909, 123 La. 641, 49 So. 222.

Counsel for appellee are under the impression that because appellants, after stating in their motion for appeal that they "are aggrieved by the Judgment herein rendered on the 24th day of June, 1954, and signed on the 30th day of June, 1954", added that the judgment was in favor of

"New Orleans and Northeastern Railroad Company, one of the defendants in the above numbered and entitled cause", the other appellee, Louisville & Nashville Railroad, has not been made a party to the appeal.

This is an erroneous assumption on the part of counsel as the statement in the motion of appeal that the judgment was in favor of New Orleans & Northeastern Railroad Company was merely descriptive and cannot be regarded as signifying that it was appellants' intention to limit their appeal to that appellee. The order of court grants a suspensive and devolutive appeal from the judgment and, since it was taken by motion made in open court during the same term in which the judgment was rendered and the bond was furnished in favor of the Clerk, all interested parties became appellees even though they were not specially mentioned either in the motion or in the bond.

The cases relied on by counsel in support of their motion are inapposite. The vast majority of these adjudications date from 1843 to 1868 [1] and were decided before the passage of Act 125 of 1868, which amended Article 575 of the Code of Practice so as to require appeal bonds to be made payable to the clerk of the court rendering the judgment.

In Webb v. Keller, supra [39 La.Ann. 55, 1 So. 424], the Court, in speaking of the effect of Act 125 of 1868, remarked:

"Since the passage of that act our predecessors have constantly held, and we think correctly, that when an appeal is granted in open court, and the bond is made payable to the clerk of the court, all persons having an interest are by law parties to the appeal; those who are not appellants are appellees."

The other cases [2] cited by counsel involved appeals taken by petition and citation and are, therefore, not pertinent to this case forasmuch as, in those instances, it was necessary to cite and serve all interested parties with the petition of appeal.

Counsel further maintain that the appeal should be dismissed because of appellants' failure to include in the transcript the record in the case of Ebert v.

---

1. These cases are Garcia v. His Creditors, 3 Rob. 436; Oliver v. Williams, 12 Rob. 180; Swearingen v. McDaniel, 12 Rob. 203; Succession of Perry, 4 La.Ann. 577; Robert v. Ride, 11 La.Ann. 409; Lawrence v. Burris, 12 La.Ann. 843; Broussard v. Robin, 13 La.Ann. 560; Allen v. Rodgers, 16 La.Ann. 372; Succession of Penniston, 18 La.Ann. 281; Cotton v. Stirling, 19 La. Ann. 137; Tupery v. Lafitte, 19 La.Ann. 296; Succession of Forsyth, 20 La.Ann. 33 and Pecoul v. Perret, 20 La.Ann. 70.

2. Avegno v. Johnston, 22 La.Ann. 400; Hammitt v. Payne, Huntington & Co., 27 La.Ann. 100; Baird's Widow & Heirs v. Russ, 33 La.Ann. 920; Chicago-Texas Land & Lbr. Co. v. Sabine River Lbr. Co., 130 La. 354, 57 So. 1003; In re Great Southern Lbr. Co., 132 La. 989, 62 So. 117; Albert Hanson Lbr. Co. v. Breaux, 137 La. 272, 68 So. 607, and Succession of Nunley, 222 La. 730, 63 So.2d 737.

Woodville, No. 103,022 of the docket of the Civil District Court, which was offered in evidence. However, appellants explain that they did not bring up the record in the Ebert case with the transcript of appeal because a copy of that record is in this Court bearing docket No. 21,178, the opinion in the case on appeal being reported in 143 La. 874, 79 So. 521. In view of this, it would have been an unnecessary and useless expense to have included the record of the same case in the Civil District Court as part of the transcript.[3]

The motion to dismiss is denied.

3. In addition, the failure to include the record in the Ebert case as part of the transcript of appeal would not have served as the basis for an outright dismissal of the appeal. LSA–R.S. 13:4433.